**In re PIRELLI TIRE, L.L.C., Relator.**

No. 04–1129.

Supreme Court of Texas.

Argued Nov. 29, 2005.

Decided Nov. 2, 2007.

Rehearing Denied March 28, 2008.

Debora B. Alsup, Gretchen Scardino, Thompson & Knight, LLP, Austin, C. Vernon Hartline Jr., Scott G. Edwards, J. Gregory Whitten, Hartline, Darcus, Barger, Dreyer & Kern, Dallas, Eduardo R. Rodriguez, Joseph A. Rodriguez, Rodriguez, Colvin, Chaney & Saenz, L.L.P., Brownsville, TX, for Relator.

Victor M. Carrara, Law Office of Victor M. Carrera, P.C., Edinburg, TX, for Real Party In Interest.

Craig A. Morgan, Attorney At Law, Wade Caven Crosnoe, Thompson, Coe, Cousins & Irons, L.L.P., Austin, TX, for Amicus Curiae.

Justice O'NEILL announced the Court's disposition and delivered an opinion joined by Justice HECHT, Justice BRISTER, and Justice MEDINA.

In this case, we consider the limits of a trial court's broad discretion when deciding whether to dismiss on forum-non-conveniens grounds an action brought by a claimant who is not a legal resident of the United States. We conclude that, though by its terms the forum-non-conveniens statute is permissive, the deference it affords trial courts is not without bounds. As with other discretionary rulings, a trial court abuses its discretion if its forum-non-conveniens ruling is arbitrary, unreasonable, and without reference to guiding principles. In this case, absent any significant connection between the incident and the Texas forum, and considering the private and public interests involved, we hold that the trial court clearly abused its discretion in denying the defendant's motion to dismiss based on forum non conveniens.

## I. Background

Valentin Hernandez Aran and Juan Benitez Mendoza, both Mexican citizens, were transporting a heavy load of seafood in a fourteen-year-old GMC pickup on a Mexican highway when the truck rolled over, killing Aran. The accident report filed by the Mexican police indicates that Aran was driving, but in light of evidence indicating Aran did not know how to drive the parties speculate that Mendoza, who was not present when the police arrived, may have been driving the truck when it rolled over and subsequently fled the scene. According to the report, the truck was speeding on a level two-lane road when the right rear tire failed and the truck rolled over.

R. Garza Motors of Brownsville, Texas, purchased the truck two years before the accident at an auction in Arkansas. Eleven days after the purchase, Garza Motors in Cameron County sold the truck to a Mexican citizen, who imported it into Mexico the same day. The truck was used, maintained, and serviced in Mexico from the time it was sold by Garza Motors until the date of the accident. The tire which allegedly failed was manufactured by Pirelli Tire in Des Moines, Iowa, in March 1994. Pirelli is incorporated in Delaware, and its principal place of business is Georgia.

In March 2003, Aran's wife, Maria Magdalena Meza Aran, his son, Damian Hernandez Meza, and later his mother, Felipa Aran Limas (collectively "the Arans"), all citizens of Mexico, sued Pirelli in Cameron County. They alleged that Pirelli negligently designed and manufactured the tire, and also asserted strict liability claims.[1] Less than a month later, Pirelli filed its Original Answer, as well as a Motion to Dismiss on Grounds of Forum Non Conveniens. In March 2004, Pirelli filed an expanded Motion to Dismiss on Grounds of Forum Non Conveniens and a Motion to Apply the Law of Mexico. The trial court denied Pirelli's motions, and the court of appeals denied mandamus relief. We granted oral argument on Pirelli's Petition for Writ of Mandamus to consider the parameters of the trial court's discretion in deciding the dismissal motion.

## II. Timeliness of Pirelli's Motion

■ As a threshold matter, the Arans contend the trial court did not abuse its discretion in denying the motion to dismiss because Pirelli's motion was untimely under subsection (d) of the forum-nonconven-

---

1. The plaintiffs also sued Rolando Garza, d/b/a R. Garza Motors, the Brownsville dealer who sold the truck, but agreed to nonsuit Garza in exchange for Pirelli's agreement not to remove the suit to federal court.

iens statute, section 71.051 of the Texas Civil Practice and Remedies Code,[2] *enacted by* Act of May 29, 1997, 75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, 1680. Under that provision, a request for a stay or dismissal on forum-non-conveniens grounds must be filed within 180 days of the time for filing a motion to transfer venue. The Arans acknowledge that Pirelli filed a motion to dismiss concurrently with its answer, but they maintain that motion was inadequate because it consisted of only three paragraphs and contemplated that Pirelli would later file a supplemental brief more fully explaining Pirelli's contentions. In contesting the timeliness of Pirelli's motion, the Arans focus solely on the expanded motion to dismiss that Pirelli filed in February 2004, well after the time allowed under section 71.051(d) had expired.

We disagree that Pirelli's motion to dismiss was untimely. It is undisputed that Pirelli apprised the trial court of its claim that Cameron County was an inappropriate forum within the time allowed under section 71.051(d). Pirelli's original dismissal motion contended Cameron County had no connection with the accident, Mexico was a more appropriate forum, Mexican law provided the Arans an adequate remedy, and the balance of public and private interests weighed in favor of dismissal. Pirelli's second motion merely expanded on those contentions and identified specific events and circumstances supporting them. That Pirelli later supplemented its initial argument is entirely consistent with section 71.051(d), which allows a trial court to rule on a forum-non-conveniens motion only after a hearing with at least twenty-one days' notice to the parties. The statute further requires the court to provide the parties "ample opportunity" to obtain discovery relevant to the motion prior to the hearing. Thus, the statute contemplates that a motion may be filed and then supplemented in light of discovery. Pirelli's motion was not untimely.

## III. The Forum–Non–Conveniens Statute

### A. Trial Court Discretion

Section 71.051 of the Civil Practice and Remedies Code governs motions to dismiss based on forum non conveniens. Subsection (a) governs suits, like this one, brought by claimants who are not legal residents of the United States. It provides:

> With respect to a plaintiff who is not a legal resident of the United States, if a court of this state, on written motion of a party, finds that in the interest of justice a claim or action to which this section applies would be more properly heard in a forum outside this state, the court may decline to exercise jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the claim or action in whole or in part on any conditions that may be just.

TEX. CIV. PRAC. & REM.CODE § 71.051(a).

Pirelli contends a trial court's discretion to dismiss on forum-non-conveniens grounds "in the interest of justice" is not unfettered. Citing our decision in *In re Smith Barney*, 975 S.W.2d 593, 598 (Tex. 1998), Pirelli argues dismissal is warranted when an action has no significant connection with Texas. Pirelli further contends that the factors listed in section 71.051(b) of the forum-non-conveniens statute, which apply to cases brought by claimants who are legal residents of the United States, should guide a court in determining wheth-

---

**2.** The statute has since been amended; all references to section 71.051 in this opinion are to the version in effect when the case was filed.

er a case will be dismissed under subsection (a). Those factors are whether:

(1) an alternate forum exists in which the claim or action may be tried;

(2) the alternate forum provides an adequate remedy;

(3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM.CODE § 71.051(b).[3]

The Arans, on the other hand, contend section 71.051(a) confers virtually unlimited discretion on the trial court to decide whether a motion to dismiss should be granted on forum-non-conveniens grounds because the trial court's authority is described in permissive terms. According to the Arans, a reviewing court may reverse a decision denying a motion to dismiss under section 71.051(a) only if the underlying suit has no connection with the forum whatsoever. Because the truck involved in this case was in Texas for eleven days and was sold here, the Arans contend, we have no choice but to sustain the trial court's decision. We disagree.

■ While application of the forum-non-conveniens doctrine is now codified in Texas, the doctrine has deep roots in the common law. As in section 71.051(a), the common-law doctrine permitted a court possessing jurisdiction over a dispute to decline to exercise it when, " 'for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum.' " *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 n. 2 (Tex.1994) (quoting *Sarieddine v. Moussa*, 820 S.W.2d 837, 839–40 (Tex.App.-Dallas 1991, writ denied)). The doctrine of forum non conveniens has always afforded great deference to the plaintiff's forum choice. *Flaiz v. Moore*, 359 S.W.2d 872, 874 (Tex.1962) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). But the doctrine also recognizes that the plaintiff's choice must sometimes yield in the public interest, and in the interest of fundamental fairness. *Id.* Further, forum-non-conveniens doctrine generally affords substantially less deference to a nonresident's forum choice. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *see Owens Corning v. Carter*, 997 S.W.2d 560, 570 (Tex.1999). The doctrine comes into play when there are sufficient contacts between the defendant and the forum state to confer personal jurisdiction upon the trial court, but the case itself has

---

**3.** In 2003, the Legislature eliminated any distinction between the claims of citizens and noncitizens. It repealed former section 71.051(a). Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 3.09, 2003 Tex. Gen. Laws 847, 855. The statute now provides that, if a court finds that "in the interest of justice and for the convenience of the parties [a case] would be more properly heard in a forum outside this state, the court *shall* decline to exercise jurisdiction under the doctrine of forum non conveniens and *shall* stay or dismiss the claim or action." TEX. CIV. PRAC. & REM. CODE § 71.051(b) (emphasis added). That the Legislature has now mandated dismissal or a stay if a trial court finds that a case would be more properly heard in another forum does not mean that the discretion courts formerly exercised was limitless, however.

no significant connection to the forum. *See Gulf Oil*, 330 U.S. at 506, 67 S.Ct. 839. We have recognized that "[i]t is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State." *In re Smith Barney*, 975 S.W.2d at 598. Moreover, while forum-non-conveniens questions differ from due-process inquiries, *see Metro, Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 575 (2d Cir.1996), the doctrine touches on similar issues of fundamental fairness, protecting defendants from being forced to litigate in oppressive and vexatious circumstances. *See Flaiz*, 359 S.W.2d at 874 (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839).

■ It is true, as the Arans contend, that trial courts possess broad discretion in deciding whether to dismiss a case on forum-non-conveniens grounds. *Id.* But, as with other discretionary decisions, a trial court's forum-non-conveniens ruling is subject to review for clear abuse of discretion. *See In re Smith Barney*, 975 S.W.2d at 596. "A trial court abuses its discretion if its decision 'is arbitrary, unreasonable, and without reference to guiding principles.'" *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997) (quoting *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996)). And we have granted mandamus relief from orders issued under grants of authority couched in permissive terms comparable to section 71.051(a) when trial courts failed to adhere to guiding principles. For example, in *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 206 (Tex.2004), we granted mandamus relief from a trial court order consolidating twenty cases for trial in a mass tort case. Under Rule 174 of the Texas Rules of Civil Procedure, trial courts exercise broad discretion in determining whether cases should be consolidated. When cases involve a common question of law or fact, a court "may order a joint hearing or trial of any or all the matters in issue," "may order all the actions consolidated," and "may make such orders . . . as may tend to avoid unnecessary costs or delay." Tex.R. Civ. P. 174(a). Despite Rule 174's permissive language, we concluded that mandamus relief was warranted in *In re Van Waters* because the trial court's consolidation order did not comport with the principles we have articulated that must guide a court's exercise of discretion under the rule. 145 S.W.2d at 210–11.

■ We identified the principles that guide application of the forum-non-conveniens doctrine long ago, when we embraced the analytical framework the United States Supreme Court articulated in *Gulf Oil. Flaiz*, 359 S.W.2d at 874 (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839). While the *Gulf Oil* test cannot be applied formulaically, the factors

> to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. . . .

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839.

█ There is obviously much overlap between the *Gulf Oil* factors and those contained in section 71.051(b) of the Civil Practice and Remedies Code. But that the Legislature chose to incorporate into section 71.051(b) some of the specific concepts articulated in *Gulf Oil* does not mean that the *Gulf Oil* considerations have no application and may be entirely disregarded when deciding under section 71.051(a) whether "in the interest of justice" another forum would be more appropriate. To the contrary, the *Gulf Oil* test has guided courts for decades in determining whether a case should be dismissed on forum-non-conveniens grounds. And, because " '[a]ll statutes are presumed to be enacted by the [L]egislature with full knowledge of

the existing condition of the law and with reference to it,' " we presume that the Legislature was aware of the test when it empowered courts to dismiss noncitizen suits in the interest of justice. *Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex.2001) (quoting *McBride v. Clayton*, 140 Tex. 71, 166 S.W.2d 125, 128 (1943)).[4]

## B. The *Gulf Oil* Factors

### 1. Adequate Alternative Forum

The *Gulf Oil* factors presuppose that an adequate alternative forum would have jurisdiction over the case. *Gulf Oil*, 330 U.S. at 507, 67 S.Ct. 839. Pirelli maintains that Mexico provides an adequate alternative forum because Pirelli has stipulated that it will submit to personal jurisdiction in Mexico and will not assert any statute-of-limitations defense based on time that has elapsed since the Texas lawsuit was filed. The Arans respond that Pirelli has failed to establish that a Mexican forum is available, pointing to their expert's testimony that a law in the state of Tamaulipas, the alternative forum for the Arans' suit, "poses a formidable obstacle" to an agreement renouncing prescriptive rights that have not yet accrued. We note that the Arans nowhere state that prescriptive rights have not yet accrued; if they have not, then limitations would not appear to be an obstacle to the Mexican forum in the first place. But in any event, the contingency that a Mexican court might not accept Pirelli's waiver does not overcome the important public and private interests supporting dismissal that inhere in this case, particularly when the statute authorizes

**4.** Several commentators have observed that the common-law forum-non-conveniens analysis applies to section 71.051(a). *See* James Holmes, *House Bill 4's Impact on Multi-Plaintiff Joinder & Intervention and on Forum Non Conveniens*, 46 S. Tex. L.Rev. 775, 820–21 (2005); Carl Christopher Scherz, Comment, *Section 71.051 of the Texas Civil Practice and Remedies Code—The Texas Legislature's Answer to* Alfaro: *Forum Non Conveniens in Personal Injury and Wrongful Death Litigation*, 46 Baylor L.Rev. 99, 118 (1994).

the court to condition a dismissal order on the alternative forum's acceptance of jurisdiction. TEX. CIV. PRAC. & REM.CODE § 71.051(a). The federal courts commonly include such "return jurisdiction" clauses in forum-non-conveniens dismissal orders. *See, e.g., Vasquez v. Bridgestone/Firestone, Inc.,* 325 F.3d 665, 681 (5th Cir.2003) (directing district court to modify dismissal order to include return-jurisdiction clause).

The Arans also contend dismissal is inappropriate here because, even if available, the Mexican forum is inadequate in a number of respects. Although they acknowledge that Mexico provides a cause of action akin to negligence, the Arans contend a Mexican forum is inadequate because it does not afford a cause of action for strict liability. The Arans contest the Mexican forum's adequacy on the additional grounds that its legal system does not provide for a jury, no "American-style" discovery is available, and a Mexican court could not compel the authentication of documents in the United States. The Arans further contend Mexican law does not provide for survival damages and severely restricts damages for death.

Presuming that the Arans' portrayal of the Mexican law is correct, we do not agree that a Mexican forum is thereby rendered inadequate. That the substantive law of an alternative forum may be less favorable to the plaintiff is entitled to little, if any, weight. *Piper Aircraft,* 454 U.S. at 246–51, 102 S.Ct. 252. We agree with the Fifth Circuit that "[a]n alternative forum is adequate if 'the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.' " *Vasquez,* 325 F.3d at 671 (quoting *Gonzalez v. Chrysler Corp.,* 301 F.3d 377, 379–80 (5th Cir.2002)). As the Fifth Circuit explained in *Gonzalez:*

> [W]e start from basic principles of comity. Mexico, as a sovereign nation, has made a deliberate choice in providing a specific remedy for this tort cause of action. In making this policy choice, the Mexican government has resolved a trade-off among the competing objectives and costs of tort law, involving interests of victims, of consumers, of manufacturers, and of various other economic and cultural values. In resolving this trade-off, the Mexican people, through their duly-elected lawmakers, have decided to limit tort damages.... It would be inappropriate—even patronizing—for us to denounce this legitimate policy choice by holding that Mexico provides an inadequate forum for Mexican tort victims.

301 F.3d at 381–82. Pirelli has demonstrated the availability of an adequate alternative forum, and the factors that the Arans raise are immaterial to that assessment.

### 2. Private Interests

■ Pirelli argues that the private-interest factors identified in *Gulf Oil* favor a Mexican forum for several reasons, and we agree. First, key evidence and witnesses concerning damages are in Mexico. Benitez, the only witness to the accident, together with the accident investigators and all medical personnel are in Mexico. The witnesses most likely to be familiar with the condition and maintenance of the truck and the tire, the truck's owner and its importer, are in Mexico. None of the Mexican witnesses can be compelled to testify in Texas, and several critical witnesses—Benitez, the truck's owner, the importer of the truck, and even one of the plaintiffs—have refused to be deposed here. While compulsory process may be available under the Hague Convention, Pirelli presented evidence that the process was time-consuming, uncertain as to re-

sult, and unlikely to bear fruit in time for trial. The accident scene itself is in Mexico. Moreover, evidence concerning the tire's design and manufacture is located not in Texas, but in Georgia or Iowa.

The Arans contend Pirelli has not demonstrated that litigating in Cameron County would be vexatious or oppressive, and has not shown that any burden on the corporation would substantially outweigh their own convenience. But the Arans cannot logically claim that it is more convenient for them to litigate in Texas than in Mexico. In fact, Felipa Aran Limas, Valentin's mother, has refused to appear for a deposition in Texas, claiming she is unable to make the trip. It is undoubtedly true, as the Arans claim, that documentary evidence and expert reports will have to be translated into Spanish if the case proceeds in Mexico. But it is equally true that all documents and testimony bearing on the accident and its cause, the condition and maintenance of the truck and the tire, and damages, will have to be translated into English if the case is tried in Texas. On balance, the private interests that are implicated clearly favor the Mexican forum.

### 3. Public Interests

■ Factors regarding the public interest must also be considered in applying the doctrine of forum non conveniens. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839. The public interests involved here strongly favor Mexico. Mexico's interest in protecting its citizens and seeing that they are compensated for their injuries is paramount. The safety of Mexican highways and products within the country's borders are also Mexican interests. On the other hand, it is unfair to impose upon the citizens of Cameron County the cost and administrative burden of a complex products-liability suit with no significant connection to Texas. As the Supreme Court has stated, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. 839. The happenstance that the truck was in Texas for eleven days before it was sold and imported to Mexico is simply insufficient to provide Texas with any interest in this case.

In sum, the factors the Supreme Court articulated in *Gulf Oil* clearly and overwhelmingly favor a Mexican forum for resolution of this dispute. In light of the evidence presented, the trial court's denial of Pirelli's motion was arbitrary, unreasonable, contrary to guiding rules and principles, and constituted a clear abuse of discretion.

### IV. Inadequate Remedy by Appeal

■ We have held that there is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex.2004). Erroneous denial of a forum-non-conveniens motion is closely analogous, and for the same reasons cannot be adequately rectified on appeal. We conclude that Pirelli has no adequate remedy by appeal, and conditionally grant mandamus relief.

\* \* \*

For the foregoing reasons, we conditionally grant Pirelli's petition for writ of mandamus, and direct the trial court to dismiss the case in accordance with our opinion. The writ will issue only if the trial court fails to comply.

Justice WILLETT delivered a concurring opinion joined as to Part I by Justice WAINWRIGHT.

Justice JOHNSON delivered a dissenting opinion joined by Chief Justice JEFFERSON.

Justice GREEN did not participate in the decision.

Justice WILLETT, joined by Justice WAINWRIGHT as to Part I, concurring.

I agree that this Mexico car accident case does not belong in the Texas judicial system, but for reasons simpler than those posited by the Court.

## I. The Unadorned Language of Section 71.051(a) Controls This Case

Boiled down, the Court's holding is that the various common-law factors from *Gulf Oil* "clearly and overwhelmingly favor a Mexican forum for resolution of this dispute." [1] I agree wholeheartedly that the *Gulf Oil* factors require dismissal, but I disagree that the Legislature provided that these factors apply and should inform the Court's analysis.

It is undisputed that the governing statutory provision in this case is subsection (a) of section 71.051,[2] which covers suits brought by foreign plaintiffs and imposes a modest standard for forum non conveniens dismissals, not subsection (b),[3] which covers suits brought by legal residents and imposes a markedly tougher standard.

Subsection (a) asks only whether the case "would be more properly heard in a forum outside this state"; [4] it says nothing, presumably on purpose, about the perceived adequacy of that forum's remedy or about the balance of public and private interests that animates the *Gulf Oil* factors.

It is true that the 78th Legislature repealed subsection (a) effective September 1, 2003, and that all forum non conveniens disputes, regardless of plaintiff's residency, are now governed by the six-factor balancing test of subsection (b).[5] But it is also true that subsection (a) was on the books and controlling when this case was filed, and subsection (a) plainly omits any *Gulf Oil*-type considerations. The Court today adopts a no-harm, no-foul approach because a foreign plaintiff who loses under the more pro-plaintiff subsection (b) must necessarily lose under subsection (a), but given that this litigation predated the elimination of subsection (a), I would apply that less-onerous (for defendants) standard from the start. The subsections are simply and indisputably different. Lawmakers enacted two distinct standards based on the plaintiff's residency status, and it is a distinction with a difference. Cases involving foreign plaintiffs do not require the same balancing of interests as cases involving resident plaintiffs.[6] I would not blur the statute's residency-based distinction by importing factors that elected policymak-

---

**1.** 247 S.W.3d at 675 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

**2.** *See* Act of May 27, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051(a), 1997 Tex. Gen. Laws 1680, 1680, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.09, 2003 Tex. Gen. Laws 847, 855. All references in this opinion to Texas Civil Practice & Remedies Code section 71.051 are references to the 1997 version governing this dispute.

**3.** *See* Act of May 27, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051(b), 1997 Tex. Gen. Laws

1680, 1680, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847, 854.

**4.** Tex. Civ. Prac. & Rem.Code § 71.051(a).

**5.** Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 3.04, 3.09, 23.02(d), 2003 Tex. Gen. Laws 847, 854–55, 899.

**6.** I do not venture to comment on how such residence-based distinctions would fare if challenged on constitutional grounds, as the issue is not raised in this case.

ers, for reasons good or bad, chose not to include in cases involving nonresident plaintiffs.

The Court contends that subsection (a)'s catch-all phrase "in the interest of justice" is sufficient to justify cutting-and-pasting the *Gulf Oil* factors from subsection (b). The Court concedes these factors are not controlling but considers them nonetheless instructive in determining whether forum non conveniens dismissal is required under subsection (a). No doubt, weighing the six specifically enumerated *Gulf Oil* factors may prove helpful in explicating a gauzy "interest of justice" standard, but in my view, applying them is contrary to what the Legislature enacted, and thus what the Legislature intended.[7] Lawmakers drew a bright-line distinction between residents and nonresidents who wish to invoke this State's judicial machinery and conferred a preference on the former. "Courts must take statutes as they find them,"[8] and treating this case as a *post*-September 1, 2003 case rather than a *pre*-September 1, 2003 case by importing language from one provision to another eviscerates the distinction between subsections (a) and (b).

The facts underlying today's case are extreme, and invocation of the forum non conveniens doctrine is manifestly warranted in this case where:

1. The plaintiffs are Mexican citizens who reside in Mexico;

2. Defendant Pirelli is a Delaware corporation with its principal place of business in Georgia;

3. The allegedly defective tire was manufactured in Iowa;

4. The tire, Mexican-registered truck, and all other accident-related physical evidence are in Mexico;

5. The accident occurred in Mexico and the damages were suffered there;

6. The Mexican police and medical examiner investigated the accident;

7. All witnesses to the accident are in Mexico;

8. Several significant witnesses refuse to come to Texas for depositions or testimony;

9. One of the plaintiffs has refused to come to Texas for a deposition despite filing suit here;

10. Compelling the witnesses and plaintiff to appear may not be possible; and

11. Pirelli has stipulated that it is amenable to suit in Mexico.

These undisputed facts demonstrate convincingly that Texas has no dog in this fight. As we stated in *In re Smith Barney, Inc.*, "It is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State."[9] It seems beyond serious dispute that this case "would be more properly heard in a forum outside this state,"[10] and those voted-on words constitute the applicable legal test. Mexico has the paramount stake in this lawsuit; Texas, virtually none. When the most consequential connection between a case and the chosen forum is a plaintiff's decision to sue there, little more need be said. On these uncontested facts, there is

---

**7.** *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,* 209 S.W.3d 644, 651 (Tex.2006) ("Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on.").

**8.** *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985) (internal quo-

tation marks omitted) (quoting *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920)).

**9.** 975 S.W.2d 593, 598 (Tex.1998).

**10.** TEX. CIV. PRAC. & REM.CODE § 71.051(a).

no need to balance the various considerations subsection (b) applies to cases involving resident plaintiffs. The complete absence of a nontrivial Texas connection is sufficient in itself to mandate dismissal.

I would simply hold, under the governing pre-September 1, 2003 statute, that where (1) the plaintiffs are not legal residents of the United States and (2) a non-Texas forum is more appropriate, the forum non conveniens doctrine protects the court system of this State and its citizens, who as taxpayers fund the courts and who as jurors serve as finders of fact. By holding otherwise, the trial court abused its discretion based on section 71.051(a).

## II. The Governing Statute Requires No "Adequacy" Assessment

The Court and the Dissent also consider whether Mexico would provide an "adequate" alternative forum. The voluminous filings in the trial court and this Court persuade me that this issue is hotly contested and its resolution by a court unfamiliar with Mexican procedural and substantive law is not a simple task.[11] In any event, such an inquiry is unnecessary. Section 71.051(a) does not mandate an "adequacy" assessment, however measured, of an alternative forum when the plaintiffs are not legal residents. It merely asks whether the case "would be more properly heard in a forum outside this state"—that is, the movant need only establish the *existence* of another forum, not its *adequacy*. Mexico indisputably has civil courts that entertain tort claims for its citizens who are injured in Mexico. By contrast, subsection (b) of the statute, applicable to plaintiffs who are legal residents of the United States, lists as factors for the court's consideration whether "an alternative forum exists" and whether that alternate forum "provides an adequate remedy."[12]

Moreover, whatever legal impediments to relief in Mexico that plaintiffs have demonstrated, the record points to no legal barrier to plaintiffs seeking relief in the State where Pirelli is incorporated (Delaware), or where Pirelli has its principal place of business (Georgia), or where the allegedly defective tire was manufactured (Iowa).

Reading subsections (a) and (b) together, I would hold that the trial court need not consider whether Texas courts might provide a remedy that Mexico, for policy reasons of its choosing, would deny to her own citizens. Texas is not required to provide more relief to Mexican citizens than Mexico itself provides. Allowing the suit to proceed in Texas simply because this State may provide the most attractive or convenient forum for plaintiffs, or because plaintiffs rate Texas as the most advantageous forum as a matter of legal strategy, is not justified where Texas has no stake in the outcome.

## III. Trial Court Discretion Under the Statute Is Not Boundless

Finally, I believe the Dissent makes too much of language in section 71.051(a) that the district court "may" decline to exercise its jurisdiction under the doctrine of forum non conveniens. In my view, "may" simply confirms that the district court's decision is a matter of discretion, subject to review for abuse of that discretion, or, when the case is before us on mandamus, a *clear*

---

11. Just one of the affidavits in the record, by a Mexican attorney and concerning Mexico's jurisdiction over Pirelli, is thirty pages long and has roughly three inches of attachments, in Spanish and English.

12. TEX. CIV. PRAC. & REM. CODE § 71.051(b).

abuse of discretion.[13] Permissive does not mean limitless, and while appellate courts should not second-guess trial court rulings cavalierly, the word "may" does not render such rulings bulletproof and unreviewable. There is nothing unusual about giving trial courts discretion to make rulings and giving appellate courts authority to scrutinize those rulings for abuse. By this standard courts of appeals routinely review, by mandamus or direct appeal, all manner of discovery, evidentiary, continuance, new trial, severance, jury charge, and jury selection rulings, to name a few. More to the point, the Legislature knows how to grant trial courts absolute discretion in venue-related decisions,[14] but it did not bestow such unfettered discretion here.

I wonder where the Dissent's analysis would end. I see no limiting principle that turns on Mexico's geographic proximity to Texas or our long friendship and shared history with that nation. The analysis would seem to apply with equal force to any plaintiff located anywhere on Earth who wishes to sue any defendant located anywhere on Earth, based on an injury occurring anywhere on Earth. The Dissent appears to hold the view that so long as the Texas court has personal jurisdiction over the defendant, as it might with many global manufacturers under principles of general jurisdiction, and that defendant is unable to persuade the Texas trial court that another "adequate" alternative forum is available, then the case must be allowed to proceed in Texas, and the trial court's decision is immune from appellate review.

Considering a case at the opposite extreme, if the defendant and witnesses all lived' in Texas, the claim arose in Texas, and Texas law applied, and the trial court nonetheless dismissed on forum non conveniens grounds, surely that decision would be reviewable despite the presence of the word "may." Discretion works both ways, and if a trial court can abuse its discretion by dismissing a case, surely it can abuse its discretion by not dismissing a case.

I agree with the Court that this case should be dismissed. Texas, while hospitable as befits a state whose motto is *Friendship*,[15] is not and should not serve as the "courthouse for the world," [16] particularly where, as here, Texas has no connection to the location, parties, or cause of the accident. Plaintiffs have offered no sound reason why Texas should be compelled to provide plaintiffs—including one plaintiff unwilling to travel here—a physical forum, court personnel, jurors, and other components of the Texas judicial system.

Burdening the Texas judicial system with cases like this one abuses the public interest, robs Cameron County citizen-jurors and litigants of scarce court resources, and offends "considerations of fundamental fairness and sensible and effective judicial administration." [17]

---

**13.** *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex.2004) (orig.proceeding).

**14.** Tex. Civ. Prac. & Rem.Code § 15.002(c) (foreclosing appellate review of a trial court's decision regarding transfer of a case); *see also Garza v. Garcia*, 137 S.W.3d 36, 38–39 (Tex. 2004).

**15.** Tex. Gov't Code § 3101.004.

**16.** *Smith Barney*, 975 S.W.2d at 597 (quoting *'21' Int'l Holdings, Inc. v. Westinghouse Elec. Corp.*, 856 S.W.2d 479, 486 (Tex.App.-San Antonio 1993, no writ) (Peeples, J., concurring)).

**17.** *Dow Chemical Co. v. Castro Alfaro*, 786 S.W.2d 674, 703 (Tex.1990) (Hecht, J., dissenting) (quoting *Adkins v. Chicago, R.I. & Pac. R.R.*, 54 Ill.2d 511, 301 N.E.2d 729, 730 (1973)).

Justice JOHNSON, joined by Chief Justice JEFFERSON dissenting.

In *Dow Chemical Co. v. Alfaro,* 786 S.W.2d 674 (Tex.1990), this Court considered whether by Texas Civil Practice and Remedies Code section 71.031, the Legislature statutorily abolished the doctrine of *forum non conveniens* as to suits such as this. Section 71.031 provided:

> (a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:
>
> > (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;
> >
> > (2) the action is begun in this state within the time provided by the laws of this state for beginning the action; and
> >
> > (3) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.
>
> (b) All matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.
>
> (c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

TEX. CIV. PRAC. & REM.CODE § 71.031. This Court held that it did. *Alfaro,* 786 S.W.2d at 679. This Court cited with approval the statement used by the court in *Allen v. Bass,* 47 S.W.2d 426, 427 (Tex.Civ.App.-El Paso 1932, writ ref'd) to the effect that the statutory language provides an absolute right for persons subject to the statute to try their cases in the courts of this State:

> Dow and Shell argued before this Court that the legislature did not intend to make section 71.031 a guarantee of an absolute right to enforce a suit in Texas brought under that provision. . . .
>
> . . . .
>
> Our interpretation of section 71.031 is controlled by this court's refusal of writ of error in *Allen v. Bass,* 47 S.W.2d 426 (Tex.Civ.App.-El Paso 1932, writ ref'd). In *Allen* the court of civil appeals held that old article 4678 conferred an absolute right to maintain a properly brought suit in Texas courts. The suit in *Allen* involved a New Mexico plaintiff and defendant arising out of an accident occurring in New Mexico. The court of appeals reversed a dismissal granted by the trial court on grounds similar to those of forum non conveniens, holding that "article 4678 opens the courts of this state to citizens of a neighboring state *and gives to them an absolute right to maintain a transitory action of the present nature and to try their cases in the courts of this state.*"

*Alfaro,* 786 S.W.2d at 676, 678 (emphasis added).

In consideration of and in response to *Alfaro,* the Legislature enacted section 71.051.[1] Subsection (a) applied to claimants who were not legal residents of the United States and provided:

> With respect to a claimant who is not a legal resident of the United States, if a court of this state, on written motion of a party, finds that in the interest of justice an action to which this section applies would be more properly heard in

---

**1.** Carl Christopher Scherz, Comment, *Section 71.051 of the Texas Civil Practice and Remedies Code—The Texas Legislature's Answer to* Alfaro: *Forum Non Conveniens in Personal Injury and Wrongful Death Litigation,* 46 BAYLOR L.REV. 99, 101, 106 (1994).

a forum outside this state, the court may decline to exercise jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the action in whole or in part on any conditions that may be just.

Act of May 27, 1997, 75th Leg. R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.09, 2003 Tex. Gen. Laws 847 (former Tex. Civ. Prac. & Rem.Code § 71.051(a)).[2]

In 2003, the Legislature amended section 71.051. The amendments, in part, repealed section 71.051(a) and amended subsection (b) so it provided:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all

the defendants properly joined to the plaintiff's claim;

> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

Tex. Civ. Prac. & Rem.Code § 71.051(b).

The Court acknowledges that former section 71.051(a) was written in permissive terms: "the court *may* decline to exercise jurisdiction under the doctrine of forum non conveniens and *may* stay or dismiss the action in whole or in part on any conditions that may be just." 247 S.W.3d at 674; *see Ross v. Tide Water Oil Co.,* 136 Tex. 66, 145 S.W.2d 1089, 1092 (1941) (noting that the word "may" in a statute "ordinarily connotes discretion or permission; and it will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in that sense"). The 2003 amendments to section 71.051 changed several aspects of the statute, including incorporating the word "shall." By 2003, the Legislature had enacted Texas Government Code section 311.016. According to section 311.016(2), a duty is imposed when the word "shall" is used in a statute. Thus, the 2003 amendments to section 71.051 changed the statute from granting a permissive power to the trial court in regard to *forum non conveniens* decisions under 71.051(a) to imposing a duty to act when certain findings are made

---

2. Further references to particular sections of the Civil Practice and Remedies Code, unless specifically noted otherwise, will be to the statutory language applicable to this case even though the statutes may have been subsequently amended.

in regard to specified factors.[3] There is no indication in section 71.051 that "may," as used in section 71.051(a), was used to command, direct action by, or impose a duty to act on the part of the trial court,[4] however, and the Court does not so determine.

When Pirelli filed its *forum non conveniens* motion, the trial court was faced with two applicable statutes. Section 71.031 gave the Arans[5] an absolute right to bring and try their case in Texas. *See Alfaro*, 786 S.W.2d at 676, 678–79. Section 71.051(a) permitted the trial court to refuse to exercise jurisdiction under certain circumstances. Section 71.051(a) required the trial court to make several decisions when determining how to rule on Pirelli's motion. The decisions included evaluating evidence presented by the parties, resolving controverted factual matters (if any), and considering and applying the law to the facts as the court found them to be.

When the trial court has discretion to grant or deny relief based on its factual determinations, we review the trial court's actions for abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex.1998) (noting that the abuse of discretion standard of review as to a trial court's factual determinations applies when a trial court has discretion either to grant or deny relief based on its factual determinations). The abuse of discretion standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief, as it did in this instance. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex.1998). When no findings of fact or conclusions of law are filed, the trial court judgment is to be upheld on any legal theory supported by the record. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968). If the record contains legally sufficient evidence both against and in support of the trial court's decision then mandamus will not lie because weighing conflicting evidence is a trial court function. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978) ("[A]n appellate court may not deal with disputed areas of fact in a mandamus proceeding."). The abuse of discretion standard is not "whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985).

Section 71.051(a) plainly required the trial court to affirmatively find that in the interest of justice a forum outside Texas would be more proper for the action before the case could be dismissed or stayed. If the trial court did not make such a finding, the statute did not authorize the court to dismiss or stay the action. Even if the

---

**3.** The concurrence asks where it would all end if we defer to the trial court's discretion in this case. The answer is, where the Legislature says it ends, subject to constitutional limitations on the Legislature's power. The end may have come closer with the 2003 amendments to section 71.051.

**4.** In construing the language of a statute our objective is to determine and give effect to the Legislature's intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003). We do so by giving effect to the Legislature's intent as expressed by the plain and common meaning of the statute's words, *State v. Shumake*, 199

S.W.3d 279, 284 (Tex.2006), or by use of definitions provided by the Legislature, *see, e.g.*, TEX. GOV'T CODE § § 311.016, 312.002, unless a contrary intention is apparent from the context, *Taylor v. Firemen's and Policemen's Civil Service Commission of City of Lubbock*, 616 S.W.2d 187, 189 (Tex.1981), or unless such a construction leads to absurd results. *Univ. of Tex. Southwestern Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004).

**5.** As does the Court, I will refer collectively to the plaintiffs as "the Arans."

trial court made such a finding, the statute did not command or impose a duty on the trial court to dismiss or stay the action; it permitted a dismissal or stay. *See Ross,* 145 S.W.2d at 1092 (noting that "may" is not a word of command). This accords with the traditional view of *forum non conveniens:* its purpose is to permit a trial court to decline exercising jurisdiction over a case when the case should more properly be brought in another forum. *See Alfaro,* 786 S.W.2d at 676–77.

Pirelli does not deny that part of its burden in showing "in the interest of justice a forum outside Texas would be more proper for the action" was to prove and obtain a finding in the trial court that an adequate alternative forum existed.[6] To the contrary, it joins issue on the question. When a party with the burden of proof challenges the factfinder's failure to find in its favor, we treat the absence of the finding as a refusal by the factfinder to make the finding. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). Because the trial court did not grant Pirelli's motion and because we may not resolve factual disputes or reweigh evidence presented to the trial court, Pirelli should prevail on the issue only if the evidence is conclusive that Mexico is an adequate alternative forum. *Id.* Evidence in the record, however, is not conclusive as to that question. In analyzing the issue of an adequate alternative forum, the Court says the Arans failed to affirmatively state that prescriptive rights have not accrued in the

Mexican forum and posits that "if they have not, then limitations would not appear to be an obstacle to the Mexican forum in the first place." But those matters were for the trial court to consider and weigh in exercising its discretion. Both Pirelli and the Arans submitted evidence on the question of whether Mexican courts would provide an adequate alternative forum. The filings included expert affidavits,[7] copies of Mexican statutes, and copies of decisions in other jurisdictions. The Arans submitted an affidavit from Professor Hans Baade questioning, among other matters, the extent to which Mexican statutes of limitations can be waived by Pirelli, even though Pirelli stipulated for purposes of its motion that it would submit to Mexican jurisdiction and waive any limitations defenses. Pirelli submitted documents that it contends shed doubt on the evidence relied upon by the Arans. The question of how much weight, if any, to give competing affidavits and evidence is a determination generally entrusted to the trial court in matters such as this. *See Bocquet,* 972 S.W.2d at 20–21. When the trial court does not issue findings of fact, reviewing courts should presume that the trial court resolved all factual disputes in favor of its determination. *See BMC Software v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002) (reviewing trial court ruling on special appearance); *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (same).

The Court evaluates the record according to the factors explicated in *Gulf Oil*

---

6. If analysis of the findings required of the trial court were not to be based on factors used by the Court, but on analysis of the whole of the phrase "in the interest of justice a forum outside Texas would be more proper for the action" as the concurrence asserts, the applicable review process and my conclusions would not change. The standard of review, evidentiary requirements, deference to the trial court's exercise of discretion, and outcome of the analysis would be the same.

7. Additional affidavits were submitted by both the Arans and Pirelli after oral arguments in this court. I have not considered those because they were not before the trial court when it made its decision. *See In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 605 (Tex. 1998).

*Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Court determines, in part, that (1) Pirelli demonstrated Mexico is an adequate alternative forum, (2) "on balance" the private interests that are implicated favor the Mexican forum, and (3) the happenstance that the truck was in Texas for eleven days before it was sold and imported to Mexico is insufficient to provide Texas with any interest in the case. The Court concludes that the *Gulf Oil* factors clearly and overwhelmingly favor a Mexican forum for resolving the dispute. That assessment is the predicate determination required by section 71.051(a)—"in the interest of justice an action to which this section applies would be more properly heard in a forum outside this state"—necessary for moving to the question of whether the case "may" be dismissed or abated under the statute's provisions.

I do not disagree with the Court's assessment that the evidence and the record reflect a clear, strong balance in favor of dismissing or staying the case on the basis of *forum non conveniens.* But the "strong balance" or even a "clear and overwhelming" balance of the *Gulf Oil* factors in favor of dismissing or staying the case does not overcome at least two considerations. First, balancing of the interests involved, including the private interests, is a function of the trial court to which we should defer unless there is no evidence in the record supporting or tending to support the trial court's decision. *See Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 378 (Tex.2001) (recognizing that there is no abuse of discretion if some evidence supports the trial court's decision); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682–83 (1956) (orig.proceeding). Second,

the Court's determination that a "strong" or "clear and overwhelming" balance of *Gulf Oil* factors favors dismissing or staying the case does not override the permissive discretion afforded the trial court by section 71.051(a) in light of section 71.031's specific provision allowing suits such as this to be maintained in Texas. Quite simply, section 71.051(a) permitted, but did not command, the trial court to refuse to exercise its jurisdiction granted by section 71.031 even if the case would more properly be heard in Mexico.

In analyzing the trial court's decision not to dismiss or stay this case, the Court compares the trial court's decision not to dismiss the case with a trial court's taking affirmative action to consolidate twenty cases for trial under a rule of procedure permitting consolidation. *See In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203 (Tex.2004). But there is a difference between the trial court's actions in *Van Waters* and the trial court's actions in this case. In *Van Waters,* the Court evaluated the evidence and determined that the trial court abused its discretion by taking affirmative action to alter the usual process by which each individual lawsuit would be tried to a separate jury. *Id.* at 211. In the case before us, however, the trial court did not take affirmative action to alter a status that was, and for decades had been, authorized by statute: the filing and trying of a suit such as this in Texas.[8] The trial court here simply decided to exercise the jurisdiction vested in it by section 71.031. To make *Van Waters* a valid comparison to this case, the trial court in *Van Waters* would have had to refuse to consolidate cases for trial, then this Court would have had to determine on application for mandamus that the refusal was an abuse of dis-

---

8. "The statutory predecessors of Section 71.031 have existed since 1913." *Alfaro,* 786

S.W.2d at 675.

cretion. The Court's comparison of this case to *Van Waters* does not persuade me that mandamus relief is proper here.

I agree with the Court that even when discretion is lodged in a trial court by use of the term "may" in a statute, there are circumstances in which the trial court has no room for exercising discretion. If all the facts and circumstances to be considered compel and admit of only one decision, there is no fact or circumstance in the record supporting or tending to support a contrary decision and the legal rights of the parties will not be prejudiced thereby, then there is no discretion to be exercised. *See In re Ethyl Corp.,* 975 S.W.2d 606, 610 (Tex.1998) (citing *Womack,* 291 S.W.2d at 683). And exercise of permissive discretion granted a trial court by a statute's (or procedural rule's) use of the word "may" could not be countenanced if the trial court were to exercise its discretion for a wholly improper or illegal reason such as, for example, the race or sex of a party. But this case is not one in which the record contains "no fact or circumstance supporting or tending to support a contrary conclusion." *See Womack,* 291 S.W.2d at 683. Nor is it one in which the record reflects that the trial court exercised its discretion for an improper or illegal reason. Thus, the trial court's decision pursuant to the permissive language of section 71.051(a) should not be subjected to mandamus relief. *See Pat Walker & Co. v. Johnson,* 623 S.W.2d 306, 309 (Tex.1981) (denying mandamus relief under discretionary former Rule of Civil Procedure 21c which provided that a court of appeals "may" grant an extension of time for filing a statement of facts).

In short, we have said that the doctrine of *forum non conveniens* prevents a court from being compelled to hear a case over which it has jurisdiction. *See In re Smith Barney, Inc.,* 975 S.W.2d 593, 598 (Tex. 1998). The Legislature did just that in section 71.051(a): it prevented the trial court from being compelled to hear a case even if it determined that in the interest of justice another forum would be more proper. The Court now directs the trial court to proceed in the opposite direction: to *not* hear a case over which the trial court had jurisdiction although the trial court refused to stay or dismiss the case as the Legislature gave it permission to do.

If this case were before us under the current version of section 71.051 which imposes a duty on the trial court to dismiss or stay a case on *forum non conveniens* principles under certain circumstances, I might well be of a different view. But it is not. The trial court's decision to exercise jurisdiction specifically provided for by one statute and not withdrawn by another was not arbitrary, was not unreasonable, nor was it without reference to guiding principles. Accordingly, I would hold that its decision was not an abuse of discretion.

I would not grant relief directing the trial court to dismiss or stay the case. Because the Court does, I dissent.[9]

---

9. The Court does not reach Pirelli's contention that the trial court abused its discretion in refusing to apply the law of Mexico. I would reach the issue and hold that Pirelli's appellate remedy is adequate to address the choice-of-law question. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004).