In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00462-CV


____________________



IN RE JAMES M. FULTON






Original Proceeding






MEMORANDUM OPINION


 James M. Fulton seeks a writ of mandamus to order the trial court to set a supersedeas
bond in a condemnation suit. We deny both temporary and mandamus relief.

 The City of Vidor filed a condemnation petition to obtain an easement on Fulton's
land. Fulton filed a motion to quash the citation, which had issued against Fulton
individually and in his capacity as executor of the Estate of Dorothy C. Fulton. The trial
court appointed special commissioners who issued an award of $500 for a 0.0371 acre tract
of land. Fulton objected to the special commissioners' award. See Tex. Prop. Code Ann.
§ 21.018 (Vernon 2004). The City of Vidor subsequently deposited into the registry of the
court the amount of damages awarded by the special commissioners. See Tex. Prop. Code
Ann. § 21.021(a)(2). On October 12, 2009, the trial court issued a writ of possession. 

 In his first issue, Fulton contends the trial court abused its discretion by failing to set
the amount for a supersedeas bond pursuant to Rule 24 of the Texas Rules of Appellate
Procedure. See generally Tex. R. App. P. 24. Rule 24 applies to judgments on appeal to the
court of appeals, not to appeals from commissioners' findings pursuant to section 21.018 of
the Texas Property Code. See Tex. R. App. P. 24.1(a)(2) ("Unless the law or these rules
provide otherwise, a judgment debtor may supersede the judgment by: . . . (2) filing with the
trial court clerk a good and sufficient bond[.] . . ."); see also Tex. Prop. Code Ann. §
21.018. Because the procedure found in Rule 24 does not apply at this point in the litigation,
the trial court did not abuse its discretion by refusing to set the amount for a supersedeas
bond. We overrule issue one.

 In his second issue, Fulton contends the trial court abused its discretion by issuing a
writ of possession while the condemnation and award are disputed and before ruling on
Fulton's motion to quash the citation. To establish an abuse of discretion by the trial court,
relator must show that the trial court failed to follow the appropriate guiding rules and
principles. See In re Pirelli Tire, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007). In this case, the
trial court complied with the applicable statute. See Tex. Prop. Code Ann. § 21.021. 
Relator has not shown that he has no adequate appellate remedy for the trial court's failure
to expressly rule on his motion to quash the citation prior to issuing the writ of possession. 
See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004). We overrule issue
two. 

 We deny the petition for writ of mandamus and motion for temporary relief.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered November 5, 2009


Before Gaultney, Kreger, and Horton, JJ.