**Motions Denied; Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 13, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00838-CV

### IN RE TRACY PEOPLES FILES, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2008-58054

## MEMORANDUM OPINION

On September 11, 2012, relator Tracy Peoples Files filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Sheri Y. Dean, presiding judge of the 309th District Court of Harris County, to vacate the temporary orders rendered in the underlying custody modification proceeding. Relator asserts that the trial court's ruling deprives her of the right as sole managing conservator to designate the child's primary residence without the requisite showing that the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development. *See* Tex. Fam. Code § 156.006(b)(1). Relator also filed a motion requesting an emergency stay of the order. *See* Tex. R. App. P. 52.10(a).

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Because a trial court's temporary orders in a custody case are not appealable, mandamus is an appropriate means to challenge them. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding).

Trial courts have considerable discretion in making temporary orders for a child's safety and welfare in suits affecting the parent-child relationship. *See* Tex. Fam. Code § 105.001. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court's determination of factual issues is entitled to deference in a mandamus proceeding and should not be set aside unless it is clear from the record that only one decision reasonably could have been reached. *Id.* at 839-40; *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

In this case, the trial court conducted a hearing at which several witnesses testified. While some of the testimony was disputed, there is some probative evidence in the record to support the trial court's temporary orders. Mandamus will not lie when there is evidence both supporting and against the trial court's decision because weighing conflicting evidence is a trial court function. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670 686 (Tex. 2007) (citing *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) ("[A]n appellate court may not deal with disputed areas of fact in a mandamus proceeding.")). Accordingly, relator has not established that the trial court abused its discretion.

We deny relator's motion for stay. Relator's motion to file a paper copy of the record is denied as moot because relator has corrected the electronic record filed in accordance with our local rules. Relator's petition for writ of mandamus is denied.

PER CURIAM

Panel consists of Justices Seymore, Brown, and Busby.