

NUMBER 13-13-00553-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE SUMMER BACAK

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Rodriguez, Perkes, and Longoria
Per Curiam Memorandum Opinion[1]

Relator, Summer Bacak, filed a petition for writ of mandamus and a motion for emergency relief in the above cause on October 18, 2013. Through this original proceeding, relator contends that the trial court erred in rendering a temporary order granting visitation for relator's minor children to the alleged biological father of the children without holding an evidentiary hearing and basing its order on "the papers on file in this case and the arguments of the attorneys."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding). Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding); *In re Russell*, 321 S.W.3d 846, 853 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837.

As a general rule, mandamus will not issue to compel an action that has not first been demanded and refused. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding). Further, it is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). Finally, in determining the propriety of mandamus relief, appellate courts may not deal with disputed areas of fact. *In re Pirelli Tire*, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the motion for emergency relief, is of the opinion that relator has not shown herself entitled to the relief sought under the foregoing standard of review. The record and appendix presented do not contain any of relator's pleadings in the underlying suit. The record further does not contain the reporter's record of the underlying hearing, and while the petition for writ of mandamus meets the requirements of the appellate rules insofar as it states that no testimony was adduced at the hearing, the order at issue is expressly based on the "arguments of counsel." Based on the record presented, we are unable to conclude that the trial court erred in issuing the temporary order at issue. Accordingly, the petition for writ of mandamus and motion for emergency relief are DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
18th day of October, 2013.

3