

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 15, 2016

The Honorable Dan Flynn
Chair, Committee on Pensions
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0094

Re: The extent to which a judge may refuse
to apply the law of a jurisdiction outside of the
United States in certain family law disputes
(RQ-0083-KP)

Dear Representative Flynn:

You ask a number of questions concerning "the extent to which current law authorizes or requires a judge of a state court to refuse to apply foreign law in certain family law disputes."[1] You explain that by "foreign law," you mean "the law of a country other than the United States," and by "family law dispute," you mean "a legal dispute regarding a marital relationship or a parent-child relationship." Request Letter at 1. While you propose nineteen different factual scenarios, they each involve the application of foreign law that violates a party's right to due process or the public policy of this State. *Id.* at 1–3. As the Texas Supreme Court has explained, "[t]he basic rule is that a court need not enforce a foreign law if enforcement would be contrary to Texas public policy." *Larchmont Farms, Inc. v. Parra*, 941 S.W.2d 93, 95 (Tex. 1997). Mere differences between Texas law and foreign law do not necessarily render the foreign law unenforceable, but if a foreign law "violates good morals, natural justice, or is prejudicial to the general interests of our own citizens," a court may refuse to enforce it. *Robertson v. Estate of McKnight*, 609 S.W.2d 534, 537 (Tex. 1980). Furthermore, the United States Supreme Court has explained that "due process requires that no other jurisdiction shall give effect . . . to a judgment elsewhere acquired without due process." *Griffin v. Griffin*, 327 U.S. 220, 228 (1946). It is with these principles in mind that we address your specific questions.

You first ask whether a judge may refuse to enforce a judgment of another country that is based on the application of foreign law that violated a party's due process rights or was contrary to the public policy of this State. Request Letter at 1. "A judgment obtained in violation of procedural due process is not entitled to full faith and credit when sued upon in another jurisdiction." *Griffin*, 327 U.S. at 228. Texas courts have long held "the chief requisite for the recognition of a foreign judgment necessarily is that an opportunity for a full and fair trial was afforded." *Banco Minero v. Ross*, 172 S.W. 711, 714–15 (Tex. 1915) (declining to recognize a judgment by a Mexican court after finding that it was entered without a full and fair trial before an

---

[1]Letter from Honorable Dan Flynn, Chair, House Comm. on Pensions, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 17, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

impartial tribunal). Thus, if a judgment was obtained in a foreign jurisdiction in violation of a party's due process rights, a state court judge may refuse to enforce the judgment. Similarly, Texas courts will consider whether a judgment obtained in a foreign country was based on foreign law contrary to this State's public policy, and, if so, the courts may refuse to enforce the judgment. *See Ashfaq v. Ashfaq*, 467 S.W.3d 539, 543–44 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (considering whether Pakistani divorce law violated Texas public policy).

You next ask whether a judge may refuse to enforce a decision of an agreed-upon arbitrator if the arbitrator's application of foreign law or the application of principles of a particular faith resulted in an arbitration decision violating a party's due process rights or was contrary to the public policy of this State. Request Letter at 2. "Parties in an arbitration proceeding have due process rights to notice and a meaningful opportunity to be heard." *Ewing v. Act Catastrophe-Tex. L.C.*, 375 S.W.3d 545, 551 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE § 171.044(a) (requiring notice of arbitration). To the extent that an arbitration award is obtained in violation of these due process rights, a judge is authorized to refuse enforcement of the award. Furthermore, a Texas court "may refuse to enforce an arbitration award that is contrary to public policy." *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 413 (Tex. App.—Dallas 2007, no pet.).

In your third question, you ask whether a judge may refuse to apply foreign law that would otherwise apply under the principles of conflict of laws if applying such law would violate due process or the public policy of this State. Request Letter at 2. Traditional conflict-of-law principles prescribe that issues that are strictly procedural in nature are governed by the laws of the forum state. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 122 (AM. LAW INST. 1971); *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 n.17 (Tex. 2008). Thus, a court of this State would apply Texas procedural law, not the procedures of a foreign law, to determine the substantive rights of the parties. With regard to the public policy concerns you raise, "[i]f the law of the foreign jurisdiction with the most significant contacts is against good morals or natural justice, or is prejudicial to the general interests of our citizens, Texas courts should refuse to enforce said law." *Vanderbilt Mortg. & Fin., Inc. v. Posey*, 146 S.W.3d 302, 316 (Tex. App.—Texarkana 2004, no pet.) (internal quotation marks omitted).

In your fourth question, you ask whether a judge may refuse to enforce a contract provision that provides for foreign law to govern the dispute if applying the law would violate a party's right to due process or the public policy of this State. Request Letter at 2. As with the choice-of-law principles discussed above, although a contract may provide for foreign law to govern the rights of parties to a dispute, a court of this State will apply Texas law to matters of procedure. *Man Indus. (India), Ltd. v. Midcontinent Express Pipeline, L.L.C.*, 407 S.W.3d 342, 352 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). With regard to foreign law that violates the public policy of this State, the United States Supreme Court has explained that a state is not required to "lend the aid of its courts to enforce a contract founded upon a foreign law where to do so would be repugnant to good morals, . . . or, in other words, violate the public policy of the state where the enforcement of the foreign contract is sought." *Griffin v. McCoach*, 313 U.S. 498, 506 (1941); *see also United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 42 (1987) ("a court may refuse to enforce contracts that violate . . . public policy"). Thus, a court may refuse to enforce

a contract provision that requires the application of foreign law to a dispute if doing so would violate the public policy of this State.

In your fifth question, you ask whether a judge may refuse to enforce a contractual forum-selection provision providing that a dispute will be resolved by a court outside of the United States if doing so would violate the party's right to due process or the public policy of this State. Request Letter at 2. Enforcement of forum-selection clauses is generally mandatory; however, a court has authority to refuse to enforce the clause upon a showing that "enforcement would be unreasonable or unjust" or because "enforcement would contravene a strong public policy of the forum where the suit was brought." *In re AutoNation, Inc.*, 228 S.W.3d 663, 668 n.15 (Tex. 2007); *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004). Thus, if the enforcement of a forum-selection clause would violate the party's right to due process or the public policy of this State, a court may refuse to enforce it.

You next ask, based on the principle of forum non conveniens, whether a judge may exercise jurisdiction over a case, despite a more convenient alternative forum, if the foreign forum would apply foreign law that would violate a party's right to due process or the public policy of this State. Request Letter at 2. A court generally has authority to dismiss a suit on grounds of forum non conveniens because a court outside Texas has jurisdiction over the suit and is a more appropriate forum. *A.P. Keller Dev., Inc. v. One Jackson Place, Ltd.*, 890 S.W.2d 502, 505 (Tex. App.—El Paso 1994, no writ). "[T]rial courts possess broad discretion in deciding whether to dismiss a case on forum-non-conveniens grounds." *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007). The United States Supreme Court has articulated, and the Texas Supreme Court has adopted, a number of factors that courts should consider in deciding a forum-non-conveniens motion. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947); *In re Smith Barney, Inc.*, 975 S.W.2d 593, 596 (Tex. 1998) ("We embraced *Gulf Oil's* analysis long ago."). Among the factors to be considered are whether an adequate alternative forum would have jurisdiction over the case and whether certain private interests of the litigants would weigh in favor of the alternative forum. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 677–79. In determining whether an adequate alternative forum exists, courts should consider whether the parties will be "deprived of all remedies or treated unfairly." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). And in determining whether the private interests of the litigants weigh in favor of an alternative forum, a court should consider, among other private-interest factors, any "obstacles to [a] fair trial" in the alternative forum. *Flaiz v. Moore*, 359 S.W.2d 872, 874 (Tex. 1962). Thus, if an alternative forum to Texas would apply law that would violate a party's right to due process or the public policy of this State, such factors could provide grounds for a judge to deny a motion to dismiss for forum non conveniens.

In your seventh question, you ask whether a judge abuses his or her discretion if a judge allows the application of a foreign law in the scenarios previously described and doing so violates a party's right to due process or the public policy of this State. Request Letter at 3. A court's decision regarding whether a contract, arbitration award, foreign judgment, or application of foreign law violates public policy is a question of law that is reviewed de novo by a reviewing court. *See Sanchez v. Palau*, 317 S.W.3d 780, 785 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (court's ruling on recognition of a foreign country judgment is reviewed de novo); *Xtria, L.L.C. v. Int'l Ins. All., Inc.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied)

(judgment confirming an arbitration award is reviewed de novo); *Johnson v. Structured Asset Servs., L.L.C.*, 148 S.W.3d 711, 726 (Tex. App.—Dallas 2004, no pet.) (whether a contract violates public policy is a question of law, which is reviewed de novo). Thus, as a matter of law, a court is without discretion to apply foreign law in a circumstance where doing so violates a party's right to due process or the clearly established public policy of this State. A trial court's forum-non-conveniens ruling is subject to review for clear abuse of discretion. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 676. Whether a court abuses its discretion in ruling on any given forum-non-conveniens motion will depend on a weighing of all the factors and the relevant facts of the particular case. *See id.* at 679 (considering all the factors articulated in *Gulf Oil* and concluding that the denial of a forum-non-conveniens motion was a clear abuse of discretion).

In your eighth question, you ask whether a judge may refuse to enforce a provision of a contract that is entered into voluntarily that provides for any of the following:

- An arranged marriage

- Granting custody of a child to a conservator who would remove the child to a foreign jurisdiction that allows child labor in dangerous conditions

- Granting custody of a child to a conservator who would remove the child to a foreign jurisdiction that lacks laws against child abuse

- Granting custody of a female child to a conservator who would remove the child to a foreign jurisdiction that allows the practice of female genital mutilation

- Granting custody of a child to a conservator who would remove the child to a foreign jurisdiction that allows a person to be subjected to any form of slavery

- Providing for a consequence or penalty for breach of the contract that violates the public policy of this State, such as the infliction of bodily harm

Request Letter at 3. Parties do not have a right to enter into contracts that violate the strong public policy of this State. *See Fairfield Ins. Co. v. Stephens Martin Paving, L.P.*, 246 S.W.3d 653, 664 (Tex. 2008). A state's public policy is embodied in its constitution, statutes, and the decisions of its courts. *See Texas Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 250 (Tex. 2002); *Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368, 373 (Tex. 2001). With regard to family law disputes, the Legislature has clearly articulated that it is the public policy of this State to:

> (1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;

> (2) provide a safe, stable, and nonviolent environment for the child; and
>
> (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

TEX. FAM. CODE § 153.001(a). To the extent that any contract term, including those specific terms that you raise, violates the public policy of this State, a court may refuse to enforce it. *See City of Willow Park v. E.S. & C.M., Inc.*, 424 S.W.3d 702, 710 (Tex. App.—Fort Worth 2014, pet. denied) (voiding a contract after finding that "it contravenes the legislature's public policy"); *see also Southwestern Bell Tel. Co. v. Gravitt*, 551 S.W.2d 421, 427 (Tex. App.—San Antonio 1976, writ ref'd n.r.e.) ("[A] general restraint on marriage is unenforceable whether the restraint results from a promise not to marry or from enforcement of a condition providing for forfeiture of rights in case of marriage.").

In your ninth question, you ask whether a judge may refuse to enforce an adoption order entered by a foreign court or tribunal if the order would result in a violation of fundamental rights, Texas law, or the public policy of this State. Request Letter at 3. Section 162.023 of the Family Code provides:

> Except as otherwise provided by law, an adoption order rendered to a resident of this state that is made by a foreign country shall be accorded full faith and credit by the courts of this state and enforced as if the order were rendered by a court in this state *unless the adoption law or process of the foreign country violates the fundamental principles of human rights or the laws or public policy of this state.*

TEX. FAM. CODE § 162.023(a) (emphasis added). Under the plain language of the Legislature's exception in subsection 162.023(a), a court may refrain from enforcing an adoption order if doing so would violate the fundamental rights or the laws or public policy of this State.

In your tenth question, you ask whether a judge may refuse to enforce a premarital agreement or property partition agreement if the agreement is unconscionable. Request Letter at 3. "Unconscionable contracts . . . are unenforceable under Texas law." *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008); TEX. BUS. & COM. CODE § 2.302(a). Provisions in the Family Code provide specifically with regard to premarital and partition agreements that such agreements are not enforceable if the party against whom enforcement is requested proves, among other requirements, that the agreement was unconscionable when it was signed. *See* TEX. FAM. CODE §§ 4.006(a)(2), .105(a)(2). Whether any specific agreement is unconscionable must be determined by a court after analyzing the relevant facts. *See Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.—San Antonio 2005, pet. denied) (explaining the factors to be examined in determining whether a contract is unconscionable).

You also ask whether a judge may refuse to enforce a premarital agreement if the agreement violates the public policy of this State or a statute that imposes a criminal penalty. Request Letter at 3. Section 4.003 of the Family Code authorizes the parties to a premarital agreement to contract with respect to all matters "not in violation of public policy or a statute imposing a criminal penalty." TEX. FAM. CODE § 4.003(a)(8). "[P]arties have the right to contract as they see fit as long as their agreement does not violate the law or public policy"; however, courts may refuse to enforce a contract, or a provision in a contract, on the ground that it is against public policy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 & n.11 (Tex. 2004); *Security Serv. Fed. Credit Union v. Sanders*, 264 S.W.3d 292, 297 (Tex. App.—San Antonio 2008, no pet.). Furthermore, a contract that cannot be performed without violating the law contravenes public policy and is void. *Lewis v. Davis*, 199 S.W.2d 146, 148–49 (Tex. 1947); *Merry Homes, Inc. v. Chi Hung Luu*, 312 S.W.3d 938, 945 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

In your final question, you ask to what extent chapter 36 of the Civil Practice and Remedies Code authorizes "a judge to refuse to enforce a judgment of a foreign court regarding a family law dispute where the judgment grants or denies payment of a sum of money to one of the parties." Request Letter at 3. Chapter 36 is the "Uniform Foreign Country Money-Judgment Recognition Act," and it authorizes a court to "refuse recognition of the foreign court judgment if the motions, affidavits, briefs, and other evidence before it establish grounds for nonrecognition as specified in Section 36.005, but the court may not, under any circumstances, review the foreign country judgment in relation to any matter not specified in Section 36.005." TEX. CIV. PRAC. & REM. CODE §§ 36.003, .0044(g). Relevant to your request, "foreign country judgment" is defined for purposes of chapter 36 to mean "a judgment of a foreign country granting or denying a sum of money," but it expressly excludes a judgment for "support in a matrimonial or family matter." *Id.* § 36.001(2)(B). Thus, chapter 36 will have limited applicability to family law disputes. To the extent that it applies, however, a court need not recognize a foreign-country money judgment if, among other grounds, "the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to defend" or if "the cause of action on which the judgment is based is repugnant to the public policy of this state." *Id.* § 36.005(b)(1), (3).

## S U M M A R Y

Under Texas law, a court is not required in family law disputes to enforce a foreign law if enforcement would be contrary to Texas public policy or if it would violate a party's basic right to due process.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee