ACCEPTED
15-25-00020-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/22/2025 5:33 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00020-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/22/2025 5:33:58 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH COURT OF APPEALS

Storable, Inc.; RedNova Labs, Inc. (d/b/a storEDGE); Sitelink Software, LLC; Easy Storage Solutions, LLC; Bader Co.; and Property First Group, LP,

*Appellants,*

v.

SafeLease Insurance Services, LLC,

*Appellee.*

On Appeal from the Third Division of the Texas Business Court
Cause No. 25-BC03A-0001

## SUPPLEMENT TO APPELLANTS' BRIEF

GREENBERG TRAURIG, LLP

Dale Wainwright
State Bar No. 00000049
dale.wainwright@gtlaw.com
Justin Bernstein
State Bar No. 24105462
justin.bernstein@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR APPELLANTS

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT REGARDING RECORD ...................................................... iv

INTRODUCTION ................................................................................... 1

ARGUMENT .......................................................................................... 1

I.    The Texas Supreme Court Instructs Courts To Treat Interlocutory Appeals As Mandamus Petitions When Requested. ........................... 1

II.   Mandamus Relief Is Appropriate Here. .............................................. 2

    A.    Refusing to remand a case when required by statute is a clear abuse of discretion. ....................................................... 2

    B.    Granting the temporary injunction was a clear abuse of discretion. ................................................................................ 3

    C.    Storable will have no adequate remedy by appeal if the denial of remand cannot be challenged by interlocutory appeal. ................................................................................. 3

    D.    Storable will have no adequate remedy by appeal if it cannot challenge the temporary injunction by interlocutory appeal. .... 4

PRAYER ............................................................................................... 5

CERTIFICATE OF COMPLIANCE ........................................................... 7

VERIFICATION ...................................................................................... 8

CERTIFICATE OF SERVICE ................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AIU Ins. Co.,*
148 S.W.3d 109 (Tex. 2004) ................................................................. 3

*CMH Homes v. Perez,*
340 S.W.3d 444 (Tex. 2011) ..................................................................1

*In re Durnin,*
619 S.W.3d 250 (Tex. 2021)................................................................. 2

*HouseCanary, Inc. v. Title Source, Inc.,*
622 S.W.3d 254 (Tex. 2021) ................................................................ 2

*Jack B. Anglin Co., Inc. v. Tipps,*
842 S.W.2d 266 (Tex. 1992) ................................................................ 4

*Patel v. Nations Renovations, LLC,*
661 S.W.3d 151 (Tex. 2023) ................................................................ 2

*In re Pirelli Tire, L.L.C.,*
247 S.W.3d 670 (Tex. 2007).................................................................. 3

*In re Prudential Ins. Co. of Am.,*
148 S.W.3d 124 (Tex. 2004) ................................................................ 4

*In re Silver,*
540 S.W.3d 530 (Tex. 2018)................................................................. 2

**Rules**

Tex. R. App. P. 27.1(a) .......................................................................... 5

Tex. R. App. P. 38.7 ..............................................................................1

**Statutes**

Tex. Civ. Prac. & Rem. Code 51.014(a)(4) ........................................... 5

**Other Authorities**

Tex. H.B. 40, 89th R.S. (2025),
https://capitol.texas.gov/tlodocs/89R/billtext/html/HB000
40F.htm ............................................................................................... 5

## STATEMENT REGARDING RECORD

In this brief, the First Supplemental Clerk's Record in Appeal No. 15-25-00020-CV is cited as "1SuppCR[Page#]."

In the alternative that this Court determines Appellants' Brief raises an issue that must be addressed by mandamus, resulting in this Court treating this appeal as a petition for writ of mandamus in full or in part, then Storable requests, to that extent, the documents contained in original and supplemental clerk's records and reporter's records in Appeal No. 15-25-00020-CV be considered the Sworn Mandamus Record for an original proceeding. The verification for the Sworn Mandamus Record is appended to the end of this Supplement.

## INTRODUCTION

This is a supplement to Appellants' Brief. TEX. R. APP. P. 38.7. It requests, in the alternative this Court determines this interlocutory appeal raises an issue that can only be addressed by mandamus, this Court treat it as a petition for writ of mandamus to the extent necessary to adjudicate that issue. This request provides an alternate basis for jurisdiction consistent with the Texas Supreme Court's directions to avoid needless inefficiency in this situation.

## ARGUMENT

### I. The Texas Supreme Court Instructs Courts To Treat Interlocutory Appeals As Mandamus Petitions When Requested.

In *CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011), "CMH Homes filed an interlocutory appeal challenging this appointment [of an arbitrator], requesting in the alternative that its appeal be treated as a mandamus petition." *Id.* at 446. The Court held that the challenge could not be brought in an interlocutory appeal, but that "this appeal may properly be considered as a petition for writ of mandamus, as CMH Homes requested." *Id.* at 454. The Court explained that treating an interlocutory appeal as a petition for writ of mandamus does not prejudice appellees and that "judicial efficiency militates against requiring CMH Homes to file a separate original proceeding." *Id.* at 453–454.

The Texas Supreme Court relied on this principle recently in 2023, when it held "we treat the petition for review as a petition for writ of mandamus." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 156 (Tex. 2023).

## II. Mandamus Relief Is Appropriate Here.

"[M]andamus relief is appropriate if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *In re Durnin*, 619 S.W.3d 250, 252 (Tex. 2021). Storable established those elements.

### A. *Refusing to remand a case when required by statute is a clear abuse of discretion.*

A "failure to analyze or apply the law correctly is an abuse of discretion. … Even if an issue is novel or unsettled, a court may abuse its discretion if its legal decision is incorrect." *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259 (Tex. 2021); *accord In re Silver*, 540 S.W.3d 530, 538 (Tex. 2018).

Appellants' Brief demonstrates that the business court incorrectly interpreted the statutes governing removal and remand. *See* Br. 6–29. This is analyzing the law incorrectly and therefore a clear abuse of discretion.

### B. Granting the temporary injunction was a clear abuse of discretion.

Appellants' Brief explains that the business court granted a temporary injunction even though SafeLease failed to prove an imminent, irreparable injury and a probable right to recover. Br. 40–64. This decision contradicted clear legal rules, including the rules that harms compensable with money damages are not irreparable and that defendants with a legal right to interfere with a contract cannot be liable for tortious interference. *Id.* Therefore, the business court clearly abused its discretion.

### C. Storable will have no adequate remedy by appeal if the denial of remand cannot be challenged by interlocutory appeal.

The Texas Supreme Court consistently holds there is no adequate remedy by appeal when the relator will be subjected to litigation in the wrong forum. For example, there is no adequate remedy by appeal when a trial court erroneously denies a forum-non-conveniens motion. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007) (granting mandamus). Analogously, there is no adequate remedy by appeal for "[s]ubjecting a party to trial in a forum other than that agreed upon," because that amounts to harassment with "no benefit to either the individual case or the judicial system as a whole." *In re AIU Ins. Co.*, 148 S.W.3d 109, 117–19 (Tex. 2004). For the same reason, there is no adequate remedy by appeal when a court erroneously fails

to transfer the case to an arbitrator. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).

Mandamus relief is appropriate to prevent litigation in the incorrect forum because courts should "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). The same considerations justify mandamus here if this Court finds that the denial of remand cannot be challenged through an interlocutory appeal. Appellants' Brief establishes that the business court is not the correct forum. Br. 16–29. As with denials of forum-selection agreements and forum-non-conveniens motions, denying remand will, if not addressable through interlocutory appeal, leave Storable without an adequate remedy by appeal because an appeal after a final judgment would come after Storable and the judicial system endure the entire litigation in the incorrect forum.

### D. *Storable will have no adequate remedy by appeal if it cannot challenge the temporary injunction by interlocutory appeal.*

The temporary injunction expires "after a trial on the merits in this case is completed," 1SuppCR47, so an appeal of a final judgment cannot adequately remedy the temporary injunction. The legislature expressly

recognized this by authorizing interlocutory appeal of an order that "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE 51.014(a)(4).[1]

In addition, the temporary injunction forces Storable to provide access to its software in a manner that is unsecure, unstable, and unauthorized. 1SuppCR47; Appellants' Br. 5–6, 53–55, 58–59. Such access increases the risk to Storable of a data breach through an active competitor's conduct or revealing private customer data and violation of consumer-protection laws, which cannot be adequately remedied after they occur.

## PRAYER

For these reasons, Appellants pray, in the alternative, that if this Court determines Appellants' Brief raises an issue that must be addressed by mandamus, this Court treat this appeal as a petition for writ of mandamus to

---

[1] The Texas Legislature recently clarified that Section 51.014 authorizes interlocutory appeal of a business-court order by enacting House Bill 40, which specifies that the list of orders subject to interlocutory appeal applies to orders of "the business court." Tex. H.B. 40, 89th R.S. (2025), https://capitol.texas.gov/tlodocs/89R/billtext/html/HB00040F.htm. There is no principled reason why the legislature would have originally intended to exclude business-court orders, but if this Court nevertheless finds that interlocutory appeal was not originally authorized for business court orders, Storable requests that the Court treat this appeal as an authorized interlocutory appeal as of September 1, 2025, which is the effective date of this bill. *See id.*; TEX. R. APP. P. 27.1(a) ("a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal").

the extent necessary to adjudicate that issue.[2] Appellants also pray for such

further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Dale Wainwright*
Dale Wainwright
State Bar No. 00000049
dale.wainwright@gtlaw.com
Justin Bernstein
State Bar No. 24105462
justin.bernstein@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR APPELLANTS

---

[2]     Although it appears to Relators unnecessary, Relators are amenable to providing additional briefing if requested by this Honorable Court.

# CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of Tex. R. App. P. 9.4(i)(3) because this brief consists of 1,130 words as determined by Microsoft Word Count, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1). The originally filed Appellants' Brief consisted of 13,367 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

If Appellants' Brief and this Supplement to Appellants' Brief are construed as a petition for writ of mandamus, then in accordance with Texas Rule of Appellate Procedure 52.3(j), I certify that I have reviewed the Appellants' Brief and the Supplement to Appellants' Brief and have concluded that every factual statement within them is supported by competent evidence included in the appendix or record.

*/s/ Justin Bernstein*
Justin Bernstein

## VERIFICATION

Before me, the undersigned authority, on this day personally appeared Justin Bernstein, who acknowledged that he is counsel for Appellants/Relators and that the documents contained in original and supplemental clerk's records and reporter's records in Appeal No. 15-25-00020-CV, which may in the alternative be considered the Sworn Mandamus Record for an original proceeding, are true and correct copies.

Signed this the 22nd day of July, 2025.



_____
Justin Bernstein


Sworn and subscribed to before me on the 22nd day of July, 2025.

REGINA M PEGUES
Notary ID #128565033
My Commission Expires
March 28, 2027

_____
Notary Public

-8-

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on counsel of record by using the Court's e-filing system on the 22nd day of July, 2025, addressed as follows:

Judd E. Stone II
State Bar No. 2407670
judd@stonehilton.com
Christopher D. Hilton
State Bar No. 24087727
STONE HILTON PLLC
600 Congress Ave.,
Austin, Texas 78701
T: (737) 465-7248

Adam Locke
adam@lockelaw.com
LOCKELAW PLLC
2617 Bissonnet, Suite 503
Houston, Texas 77005
T: (713) 832-0242

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Susanna R. Allen
State Bar No. 24126616
sallen@yettercoleman.com
Luke A. Schamel
State Bar No. 24106403
lschamel@yettercoleman.com
Shannon N. Smith
State Bar No. 24110378
ssmith@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
T: (713) 632-8000

COUNSEL FOR APPELLEE

/s/ Dale Wainwright
Dale Wainwright

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Pegues on behalf of Justin Bernstein
Bar No. 24105462
Peguesg@gtlaw.com
Envelope ID: 103459570
Filing Code Description: Other Brief
Filing Description: Supplement to Appellants' Brief
Status as of 7/23/2025 7:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Delonda Dean | | ddean@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| Yetter Coleman | | efile@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| Adam Locke | 24083184 | adam@lockelaw.com | 7/22/2025 5:33:58 PM | SENT |
| Cody Coll | | cody@stonehilton.com | 7/22/2025 5:33:58 PM | SENT |
| Dale Wainwright | | dale.wainwright@gtlaw.com | 7/22/2025 5:33:58 PM | SENT |
| Justin Bernstein | | bernsteinju@gtlaw.com | 7/22/2025 5:33:58 PM | SENT |
| Ray Torgerson | | rtorgerson@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Carolyn Reed | | creed@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Jonna Summers | | jsummers@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Lakshmi Kumar | | lkumar@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Dolores Brunelle | | dbrunelle@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Liza Eoff | | leoff@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Neil KentonAlexander | | kalexander@porterhedges.com | 7/22/2025 5:33:58 PM | SENT |
| Courtney Smith | | csmith@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| Luke A.Schamel | | lschamel@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| Christopher Hilton | | chris@stonehilton.com | 7/22/2025 5:33:58 PM | SENT |
| Judd Stone | | Judd@stonehilton.com | 7/22/2025 5:33:58 PM | SENT |
| Alyssa Smith | | asmith@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| Bonnie Chester | | bonnie@stonehilton.com | 7/22/2025 5:33:58 PM | SENT |
| Alexander Dvorscak | | alex@stonehilton.com | 7/22/2025 5:33:58 PM | SENT |
| Shannon Smith | | ssmith@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| R. Paul Yetter | | pyetter@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Pegues on behalf of Justin Bernstein
Bar No. 24105462
Peguesg@gtlaw.com
Envelope ID: 103459570
Filing Code Description: Other Brief
Filing Description: Supplement to Appellants' Brief
Status as of 7/23/2025 7:53 AM CST

Case Contacts

| R. Paul Yetter | | pyetter@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
|---|---|---|---|---|
| Susanna R.Allen | | sallen@yettercoleman.com | 7/22/2025 5:33:58 PM | SENT |
| Rosalinda Luna | | rosie@stonehilton.com | 7/22/2025 5:33:58 PM | SENT |
| Cathy Hodges | | catherine.hodges@aporter.com | 7/22/2025 5:33:58 PM | SENT |